**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO MURCIA-NAJARRO, AKA Francisco Murcia, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73983 <br><br> Agency No. A095-013-224 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:   WALLACE, LEAVY, and BYBEE, Circuit Judges.

Francisco Murcia-Najarro, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Murcia-Najarro's untimely asylum application was filed within a reasonable period of time from the denial of his application for temporary protected status. *See* 8 C.F.R. § 1208.4(a)(5); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (application filed 22 months after expiration of lawful nonimmigrant status was not reasonable). Thus, Murcia-Najarro's asylum claim fails.

Murcia-Najarro does not contend he suffered past persecution. Substantial evidence supports the agency's determination that Murcia-Najarro failed to establish the government of El Salvador is unable or unwilling to control the people he fears. *See Truong v. Holder*, 613 F.3d 938, 941-42 (9th Cir. 2010) (per curiam); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel finding petitioner faced persecution by the government or forces the government was unwilling or unable to control). Thus, Murcia-Najarro's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Murcia-Najarro's CAT claim because he failed to show that it is more likely than not that

he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**